IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 24 2013
J. T. NOBLIN, CLERK
BY_____ DEPUTY

AMANDA BOWEN                                                                PLAINTIFF

VS.                                              CIVIL ACTION NO.: 3:13CV601 DPJ-FKB

HAROLD JASON BLALOCK, M.D., MISSISSIPPI
UROLOGY CLINIC, JOHN DOES 1-25 AND
JOHN DOE CORPORATIONS 1-50                                                  DEFENDANTS

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW, the Plaintiff, Amanda Bowen, by and through her undersigned attorneys of record, and files this, her *Complaint* against the above named Defendants and would show unto this Honorable Court as follows:

### PARTIES

1. The Plaintiff Amanda Bowen is an adult resident citizen of the State of Tennessee.

2. The Defendant, Harold Jason Blalock, M.D. is, upon information and belief, an adult resident citizen of the State of Mississippi and can be served with process at his place of employment, Mississippi Urology Clinic, 1421 N. State Street., Ste. 403, Jackson, MS 39202.

3. The Defendant Mississippi Urology Clinic is, upon information and belief, a Mississippi corporation having its principal place of business and operating a clinic in Hinds County, Mississippi. It can be served with process upon its agent appointed for such purpose,

James T. Thomas, IV, 1400 Trustmark Bldg, PO Drawer 119, Jackson, Mississippi 39205-119.

4. The Defendants John Does 1-25 are individual Defendants whose names and identities are unknown to Plaintiffs at present and are therefore so designated until such times as said parties' true names may be discovered.

5. The Defendants John Doe Corporations 1-50 is/are the manufacturers of the stent(s) and/or other medical devices used during the treatment of the Plaintiff in this matter and are therefore so designated until such times as said parties' true names may be discovered.

## BASIS OF THIS ACTION

6. This action is based upon claims of negligence and breach of the standard of care in the rendering of professional medical services and medical malpractice.

7. Further, allegations are made against John Doe Corporations 1-50 based on products liability.

8. Plaintiff further affirmatively alleges the doctrine of *res ipsa loquitur*.

## JURISDICTION AND VENUE

9. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, there exists complete diversity among the parties. Further, the negligent action(s) complaint of occurred or accrued in Hinds County, Mississippi.

## UNDERLYING FACTS

10. On or about December 14, 2009, the Plaintiff underwent a procedure, believed to be a nephrostogram, performed by Dr. E.J. Blanchard, Jr. at the request of Dr. Harold Jason Blalock, Plaintiff's regular treating urologist. During this nephrostogram, a uretral stent was left in place in the Plaintiff's kidney.

11. Beginning after this procedure, the Plaintiff suffered excruciating pain for a period of almost two (2) years. During this time, she continued to be treated by Dr. Blalock. The Plaintiff suffered from recurrent urinary tract infections, cysts, and other pain and conditions. The cause of the Plaintiff's problems remained undiscovered by Dr. Blalock even though she was consistently seen and treated by him during this time.

12. On September 2, 2011, the Plaintiff underwent a CT scan of her abdomen and pelvis at Gateway Medical Center in Clarksville, Tennessee. The imaging report from this test states as follows: "There is a portion of a ureteral stent which is coiled in the collecting system of the right kidney. A portion of it is in the upper right ureter as well."

13. It was on this date that the Plaintiff became first became aware that a previously placed stent had broken apart or had been torn apart during one of her many previous surgical interventions and had migrated to a position in her kidney whereby it caused the problems of which she complained.

14. On September 16, 2011, the Plaintiff underwent the following surgical procedures: cystoscopy, right retrograde pyelogram, right ureteral stent insertion, right extracorporeal shock-wave lithotripsy. During this procedure, it was confirmed that there was indeed a portion of fragmented stent in the Plaintiff's kidney and that this object was not round or cylindrical like a retained stent, but was indeed fragmentation of a previously inserted stent.

15. The fragmented nature of the stent shows that the retention and position of the same occurred through the negligence of the Plaintiff's treating physicians and/or because the product failed to perform as it should have, giving rise to a products liability claim.

16. The Plaintiff continues to suffer from the damage caused to her kidney and other vital organs as a result of the negligence of the above named medical professionals and/or product manufacturers. She has suffered irreversible damage to her organs, including but not limited to her kidney, which causes her a great amount of pain. Further, the Plaintiff has been required to undergo years of medical treatment she would not have otherwise required as a result of the negligence of the individual Defendants and/or the failure of the product used in her surgical intervention(s).

17. In their treatment and care of Ms. Bowen, the named Defendants and the John Doe Defendants failed to meet the applicable standard of care for duly licensed medical professionals of their respective positions treating patients under similar circumstances. In causing the injury to Ms. Bowen and in failing to effectively determine that a stent had fragmented in her kidney, causing her damages, and in such other ways as may be more fully shown upon completion of discovery, the acts or omissions of the named Defendants and the John Doe Defendants constituted medical negligence, simple negligence, gross negligence, or medical malpractice. As a direct and proximate result of the breach of such standard of care, medical negligence, simple negligence, gross negligence, and medical malpractice by the named Defendants, Ms. Bowen sustained the injuries and damages described hereafter, as well as those to be proven during discovery of this matter.

**CAUSES OF ACTION**

## *MEDICAL MALPRACTICE*

18. Ms. Bowen further alleges that the above named Defendants, as well as their employees, servants, agents, and/or representatives acting for and on its behalf and within the course and scope of their respective duties (relevant to the Mississippi Urology Clinic), who are named above, and one or more of the Defendants designated herein as John Does 1-25, failed to meet the applicable standard of care by:

   a. Failing to follow the requisite standard of care of like professionals when placing ureteral stents;

   b. Failing to follow the requisite standard of care of like professionals when removing ureteral stents;

   c. Failing to follow the requisite standard of care of like professionals when treating and diagnosing Ms. Bowen's complaints;

   d. Failing to follow the requisite standard of care of like professionals when failing to determine that a fragmented portion of ureteral stent had been left in Ms. Bowen's kidney and had migrated such that it caused her damages; and

   e. In such other ways as may be more fully shown upon completion of discovery.

## *PRODUCTS LIABILITY*

19. The Defendants known as John Doe Corporations 1-50 are liable for Ms. Bowen's damages in this matter because:

   a. The products manufactured by said Defendants were defective because it failed to contain adequate warnings or instructions;

   b. The products manufactured by Defendants were designed in a defective manner;

    c. The products manufactured by Defendants breached an express warranty or failed to conform to other express factual representations upon which the Plaintiff justifiably relied in electing to use the product;

    d. The defective condition of the products manufactured by the Defendants rendered the products unreasonably dangerous to the Plaintiff as the user and consumer of the product and this defective and unreasonably dangerous condition of the product proximately caused the damages for which the Plaintiff seeks recovery;

    e. The Defendants failed to adequately inspect their products for dangerous conditions and failed to adequately warn the Plaintiff of the dangerous condition of their products;

    f. The Defendants are strictly liable for manufacturing and distributing the defective products; and

    g. The Defendants are liable to the Plaintiff pursuant to Mississippi Code Annotated § 11-1-63.

## DAMAGES

20. As a direct and proximate result of the actions or omissions of the Defendants as set forth above, the Plaintiff Amanda Bowen sustained the following injuries and damages:

    a. Permanent physical injury to her body, including complications to such injury;

    b. Past, present, and future physical pain and suffering;

    c. Past, present, and future medical and hospital bills;

    d. Past, present, and future emotional distress;

    e. Past, present, and future loss of enjoyment of life;

    f. Such additional damages as may be more fully shown at the trial of this case.

WHEREFORE, Plaintiff demands judgment of and from the Defendants, jointly and severally, in an amount as may be fixed by a jury at the trial of this case after the presentation of proof during trial. Plaintiffs further demand any other and further relief to which they may be entitled, or that this Court deems appropriate.

Respectfully submitted, this the 23rd day of September, 2013.

By: _____
David E. Rozier, Jr. (MSB #5712)
Jenessa Carter Hicks (MSB #103287)

Of Counsel:
Rozier Hayes, PLLC
2091 Old Taylor Road, Ste. 102
PO Box 2388
Oxford, MS 38655
Telephone:   662.234.0065
Facsimile:   662.234.3007

## CERTIFICATE OF CONSULTATION

The undersigned attorneys hereby certify that they have reviewed the facts of this case and have consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to

the standard of care or negligence and who the undersigned attorney reasonably believes has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

SO CERTIFIED, this the 23rd day of September, 2013.

David E. Rozier, Jr.
Jenessa Carter Hicks